The Court at General Term, said:
“The order of examination was made for the purpose of enabling the plaintiff to draw the complaint. The affidavit upon which it was made, shows that she claims an action for the conversion of personal property, or for the recovery of its possession. It is clear that she can frame a sufficient complaint. There is a suggestion in the affidavit that the defendant claims that he is entitled to possession of the property as security for money advanced by him. The affidavit however shows that the plaintiff’s property was delivered to the defendant without her consent or authorization. Take the affidavit as it stands, and it appears that there is no present purpose to yield to the defendant’s claim and to bring an action to redeem the pledge. If there were such a purpose, the examination of the defendant would not be necessary to enable her to draw a complaint.
“ The defendant to support her motion to vacate the order, presented his affidavit which gave in detail the amount of his advances to the husband of the plaintiff, who delivered the property as security. The plaintiff if she were entitled to an examination, could not be required to take in its stead an affidavit of the defendant. This suggests, however, that the defense, if there be one, *553 is affirmative, and must be specifically pleaded; that when so pleaded the plaintiff will have opportunity to amend or to persist in her demand, as she shapes it in her affidavit.”
Abbott Bros., for appellant.
Martin & Smith, for respondent.
Opinion Per Curiam.
Order reversed, and order to vacate granted with $10 costs.